[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband commenced this action for a dissolution of marriage on the ground of irretrievable breakdown by complaint returnable to this court August 16, 1994. He also seeks joint legal custody of the parties' minor children, specific rights of visitation, and other relief as on file.
The defendant wife admitted all of the allegations of the complaint. In her cross complaint, she alleges the marriage has broken down irretrievably, seeks a dissolution of the parties' marriage, custody and support of the minor children, alimony, and other relief as on file.
Each spouse was "represented by counsel and testified at the hearing. The husband's female companion testified and a number of documents were introduced into evidence. Each party submitted written proposed orders, financial affidavits and child support guidelines worksheets.
From the evidence, I find as follows:
The parties married in Norwich, Connecticut, on July 22, 1989. One of the parties has resided in this state for at least one year before the filing of the complaint. Only two minor children were born issue of the marriage: Jared, whose date of birth is May 22, 1990; and Nathaniel, born February 1, 1994.
The wife's birth name was Katherine Barber, and her prior married name was Katherine Jones. All statutory stays have expired and this court has jurisdiction. Neither party or the children are recipients of public assistance.
The husband is 29 years of age, a high school graduate, and in good health. He has been on active service for the past almost 12 years with the U.S. Navy and has achieved the rank of petty officer first class. His pension benefits have not yet vested. He earns $530 per week gross (including a housing allowance) and $437 per week net. His financial affidavit overstates his current expenses.
The wife is 37 years of age, and is certified to teach special education in this state. Her health is good; however, she has had pituitary gland and hypoglycemia problems. There was no evidence that these conditions impaired her ability to work or care for her children. Her first marriage ended in divorce. She CT Page 6542 earned $507 per week gross, $326.70 per week net, in a teaching job for the 1994-95 school year, but was discharged from her employment, effective June, 1995. Although she knew in January, 1995 that the school board would not renew her contract, she did little to search for new employment.
The parties disputed the cause of the destruction of this short marriage. They separated in July, 1992, and the plaintiff commenced an action for dissolution in 1993. They continued to see each other and produced a second child together. When the husband learned of the wife's pregnancy, he withdrew the 1993 action. The husband never moved back into the family home to stay, however, and this action was commenced.
The court has some doubts about the testimony of both parties with respect to the causes of the breakdown of their marriage. The husband began a relationship with another woman in 1994, very close in time to the institution of this action. Despite this, the wife has sought reconciliation, even as late as a few months ago. The parties cannot truly communicate with each other on any level. The marriage is now clearly broken down with no reasonable prospect of reconciliation, and both spouses bear a substantial responsibility for the breakdown, however, I find that the husband must bear a greater share of that responsibility.
The wife has two daughters from a previous marriage. She receives no child support for them, although she has support orders. The husband, during the early years of the marriage, talked of their adoption by him, but this appeared to be only talk.
He now seeks joint custody of the parties' two minor children,[1] however, in the light of the parties' inability to communicate or engage in meaningful joint decision making, this is not appropriate.
The wife has always been the sole custodial parent of both children. The husband, although able to do so, failed to obtain compassionate or hardship leave to be with his wife during and shortly after the difficult birth of their second child, and did not see the older child for over six months. His claim for joint custody under the circumstances is impractical. Also, he requests weekend visitation for both children, while the wife seeks an order that visitation with the younger child be supervised by her. There is no substantial basis for supervised visitation. The CT Page 6543 husband presently resides in the barracks which are not suitable for overnight visitation; he does admit to staying over at the home of his female companion, but denies residing there.
Both parties have participated in, and completed, the parenting education program. (See 1993 Public Acts, No. 93-319, now General Statutes § 46b-69b.)
The couple has accumulated little in the way of assets and much debt during their brief time together. Some of the debt, interest and penalties accruing were the result of the wife's actions or omissions. Some of the wife's debt predated the marriage. The wife's net worth reported on her financial affidavit is $34; the husband's is $2,129, however, he omits to report an enlistment bonus of about $3,000 before taxes payable in October, 1995. The above net worths include their motor vehicles.
The parties also differed on the child support obligations; the husband claims the presumptive amount pursuant to the child support guidelines should be $157; the wife claims it should be $200. I agree with the husband that the presumptive child support obligation according to the guidelines is $157 per week total for the two minor children issue of the marriage. Neither claimed any deviation criteria. However, because of the needs of mother's older two children,[2] who she solely supports, and the health problems of the younger children, I find an equitable factor exists which makes the mechanistical application of the guidelines to this case inequitable or inappropriate.
I have considered all of the criteria in General Statutes §§ 46b-81, 46b-82 and 46b-84, and the child support and arrearage guidelines (see § 46b-215b), in the establishment of the financial awards set forth herein. I have also considered the taxable consequences of said awards.
Accordingly, a decree dissolving the marriage shall enter on the ground of irretrievable breakdown. Also, the following orders shall enter:
(1) Sole custody of the minor children is awarded to mother; reasonable rights of visitation to father: Wednesdays 5:30 p.m. to 8:00 p.m., or Thursdays, if Wednesday is a duty day; Saturdays, 12 noon to 8:00 p.m., and the fourth Sunday of each month 12 noon to 8:00 p.m. Each party is ordered to keep the CT Page 6544 other aware of changes in address and telephone number; neither is to move beyond a fifty (50) mile radius from their present residence without ninety (90) days written notice to the other of such intention to move. The visitation orders entered are temporary and the matter is referred to the Family Services Unit for review, to be completed on or before December 10, 1995. The plaintiff shall not drink alcoholic beverages for at least eight hours before or during such visitation.
(2) The plaintiff shall pay to the defendant the sum of $90 per week per child, for a total of $180 per week. Both parties shall be obligated to support the children pursuant to 1994 Public Acts, P.A. No. 94-61 (now § 46b-84(b)). The husband shall have the younger child as an exemption for income tax purposes. In any year in which the wife does not have gross earned income of $15,000 or more, he shall also have the older child. His entitlement to said exemptions is conditional upon his being current on his child support obligation as of the end of the applicable tax year.
(3) He shall also pay to the wife the sum of $225 per month as periodic alimony for a period of thirty (30) months. The husband shall also pay, as additional alimony, the car loan on the 1988 Mercury automobile until paid. Said alimony and additional alimony shall terminate upon the death of either party or the wife's remarriage, and shall be otherwise nonmodifiable as to term or amount.
I find that the wife has substantial earning capacity and is able to be self sufficient, but requires short-term assistance.
(4) The child support and alimony obligations shall be payable by military allotment, or, when applicable, immediate wage garnishment, and shall be paid directly to the payee spouse.
(5) The plaintiff shall maintain his military health insurance for the benefit of the parties' minor children, and the parties shall equally share any unreimbursed or uncovered health expenses for said children; provided, however, if defendant secures medical care in non-emergency situations from a health care provider not authorized by the military health insurance provider, she shall pay seventy-five (75%) percent of such unreimbursed or uncovered expense and the plaintiff shall pay the balance. An order pursuant to § 46b-84(d) shall enter in this regard, and all reimbursements shall be paid to the party CT Page 6545 entitled thereto within thirty (30) days of the submission of a copy of the bills and explanation of insurance benefits to the obligor spouse.
(6) The wife shall take, have and own the 1988 Mercury automobile, her savings and checking accounts, and her state retirement plan and all tangible personal property in her possession.
(7) The husband shall take, have and own the 1994 Nissan automobile, and pay the loan thereon, and save the wife harmless therefrom, and his bank accounts and all tangible personal property in his possession.
(8) The net proceeds after taxes and other appropriate deductions from the reenlistment bonus due in October, 1995, shall be divided upon receipt as follows: to wife, forty (40%) percent; to husband, sixty (60%) percent.
(9) Except as set forth in this paragraph, the wife shall be solely responsible for all of the obligations shown on her financial affidavit. The husband shall pay to her the sum of $2,000 as his share of said bills in equal monthly payments of $40 each commencing August 1, 1995. As to the medical bills on her affidavit, stated to be in the amount of $4,120, the parties shall cooperate in submitting them to the appropriate insurance carriers, and shall equally share any uncovered, unreimbursed expenses, except wife shall be solely responsible for past due interest and legal costs. The husband shall be solely responsible for the liabilities shown on his financial affidavit. So long as the husband is in compliance with the financial orders set forth in paragraphs Nos. 2, 3, 8 and 9, the wife shall indemnify and save him harmless from any judgments or legal proceedings brought respecting the obligations shown on her financial affidavit.
(10) The husband shall maintain the minor children as equal, irrevocable beneficiaries in equal shares, of his SGLI insurance policy in the amount of $100,000 until the older child reaches 18; thereafter, the younger child shall be the sole beneficiary of the $100,000 proceeds until he reaches age 18. If the parties agree in writing to designate both children as equal beneficiaries of said policy until the youngest child reaches age 19, this agreement may be substituted for this order. In the event husband secures civilian employment and is obligated to pay child support hereunder, he shall designate any group life CT Page 6546 insurance available through such employment in accord with this provision. The husband shall execute a written authorization directed to the insurance carrier to enable the wife to determine the status of said policy from time to time.
(11) Each party shall pay his or her own attorney's fees.
Teller, J.